UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

CHARLES LEROY MEEKS, SR.,

*Defendant-Appellant.*

No. 03-6188

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-92)

Submitted: January 30, 2004

Decided: March 9, 2004

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Charles Leroy Meeks, Sr., Appellant Pro Se. Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Leroy Meeks, Sr., appeals the district court's denial of his motion to modify the terms of his imprisonment under 18 U.S.C.A. § 3582(c)(2) (West 2000). Meeks pleaded guilty to conspiracy with intent to distribute narcotics in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999), possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c)(1) (West 2000), and being a felon in possession of a handgun in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). At Meeks's original sentencing in 1997, the district court enhanced Meeks's sentence on the conspiracy count under *United States Sentencing Guidelines Manual* § 2d1.1(b)(1) because it concluded that Meeks had possessed a dangerous weapon in connection with the drug conspiracy.

After Meeks's sentencing, the United States Sentencing Commission adopted Amendment 599, which applies retroactively. Meeks then filed a § 3852(c)(2) motion contending that his sentence should be reduced as a result of Amendment 599 to the Sentencing Guidelines. The district court denied the motion and held that Amendment 599 did not apply, because the § 2d1.1(b)(1) enhancement was based on Meeks's possession of different firearms than those underlying his § 924(c)(1) conviction. This was error. *See* U.S.S.G. App. C., Amend. 599 (2002)("Do not apply any weapon enhancement in the guideline for the underlying offense of conviction, for example, if . . . in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. § 924(c)."); *United States v. Goines*, ___ F.3d ___, No. 01-7500, slip op. at 4-5 (4th Cir. January 28, 2004). We held in *Goines* that a defendant may rely on Amendment 599 to support a § 3582(c)(2) motion. *Id.* at 8, 17 ("[A] defendant [may] file a § 3582(c)(2) motion based on any amendment given retroactive application by the Commission, so long as his sentencing range under the amended guideline would be lower than the range applied by the district court."). Because the government may argue that Meeks's sentence should not be reduced under 18 U.S.C.A. § 3553(a)(West 2000), we vacate the ruling of the district court and remand for consideration of whether Meeks's sentence should be reduced. We dis-

pense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*